IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ORLANDO CAMPOS GUZMAN,**<br><br>      **Plaintiff,**<br><br>  v.<br><br>**BISTRO WASABI, L.L.C.,** an Illinois limited liability company, d/b/a BISTRO WASABI, **and MARIA KIM,** an individual,<br><br>      **Defendants.** | Case No. 16-cv-11202 |

## COMPLAINT

The Plaintiff, Orlando Campos Guzman ("Plaintiff" or "Campos Guzman"), by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, hereby complains against Defendants, Bistro Wasabi, L.L.C. d/b/a Bistro Wasabi ("Bistro Wasabi") and Maria Kim ("Kim"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL"). Defendants violated federal and state overtime laws by failing to pay Plaintiff an overtime premium when he worked more than 40 hours in an individual workweek.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b) because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4.     Plaintiff was previously employed by Defendants as a bus boy through November 8, 2016. Plaintiff worked for Defendants for approximately fourteen (14) years.

5.     Plaintiff performed bussing services for the Defendants, including clearing dishes and silverware, cleaning tables, and assisting servers. In addition, Plaintiff mopped floors, vacuumed, took out the garbage, and cleaned bathrooms, windows, and walls. Plaintiff further performed dishwashing tasks such as washing spoons.

6.     During the course of his employment, Plaintiff regularly handled or otherwise worked on goods and materials, including dishes, silverware, vacuums, cleaning agents, soaps, mops, or towels, that previously moved in interstate commerce before being purchased or used in Illinois.

7.     Defendant Bistro Wasabi is a restaurant engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on the premises.

8.     Defendant Bistro Wasabi is operated by Bistro Wasabi, L.L.C., an Illinois limited liability company, and is doing business as a restaurant at 4590 W Algonquin Rd in Lake of the Hills, Illinois.

9.     Upon information and belief, Defendant Bistro Wasabi earned more than $500,000 in annual gross revenue or sales during 2013, 2014, 2015, and 2016.

10. Upon information and belief, Defendant Maria Kim is an owner of Defendant Bistro Wasabi. Kim is the manager of Defendant's limited liability company. Upon information and belief, Kim resides in and is domiciled within this judicial district.

11. Defendant Kim possessed ultimate control over the business' day-to-day operations and had the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records.

**COMMON ALLEGATIONS**

12. During the last three years before the filing of this suit, Defendants directed Plaintiff to work, and Plaintiff did work, more than 40 hours in one or more individual workweeks.

13. During the last three years before the filing of this suit, Plaintiff regularly worked six days per week for the Defendants. Plaintiff did not work on Mondays, because the restaurant was closed.

14. During the approximately last two years and seven months before the filing of this suit, Plaintiff was typically scheduled to work from 3:00 p.m. through close. The restaurant closed at 9:00 p.m. during the week and at 10:30 p.m. on Friday and Saturday.

15. In addition to working his scheduled hours, Plaintiff regularly worked approximately 1.5 hours after close performing cleaning and other closing duties.

16. Based on his regular hours worked, Plaintiff regularly worked approximately 48 hours per week for the Defendants during the last two years and seven months of his employment.

17. During the months before April 2014, Plaintiff worked the same work schedule but was typically scheduled to work from 2:00 p.m. to close. In addition to these scheduled hours, Plaintiff regularly worked an additional 1.5 hours after close performing cleaning and other closing duties.

18. Based on his regular hours worked, Plaintiff regularly worked approximately 54 hours per week for the Defendants during the first five months of his employment during the three-year limitations period.

19. Defendants paid Plaintiff on a bi-monthly (twice per month) basis.

20. During the last three years before the filing of this suit, Defendants paid Plaintiff $1,250 twice per month.

21. Defendants paid Plaintiff $1,250 on a bi-monthly basis without regard to the actual number of hours worked by Plaintiff. For example, Plaintiff received the same bi-monthly pay whether he worked 48 or 54 hours per week.

22. Based on Plaintiff's average weekly compensation and his regular hours worked, Plaintiff's regular hourly rate of pay was between approximately $10.68 and $12.02. See 29 CFR 778.109 (regular hourly rate of pay calculated by dividing total weekly compensation by number of hours worked).

23. Defendants did not compensate Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of 40 in individual work weeks.

24. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a work week.

25. Upon information and belief, Defendants failed to create, maintain, and preserve payroll records in accordance with 29 CFR Part 516, 820 ILCS § 105/8, and 56 Ill. Adm. Code

210.700.

26. Upon information and belief, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4, 820 ILCS § 105/9.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

27. Plaintiff hereby incorporates paragraphs 1 through 26 as though stated herein.

28. Plaintiff was an "employee" under the FLSA, 29 U.S.C. § 203(e)(1), and Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

29. Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

30. Defendant Bistro Wasabi was an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and has operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

31. Under 29 U.S.C. § 207, for all weeks during which Plaintiff worked more 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

32. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

33. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants further violated the Act's recordkeeping, notice and posting requirements.

**WHEREFORE**, the Plaintiff, Orlando Campos Guzman, prays for a judgment against Defendants, Bistro Wasabi, L.L.C. d/b/a Bistro Wasabi and Maria Kim, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

5

B.  Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.  Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

34. Plaintiff hereby incorporates paragraphs 1 through 26 as though stated herein.

35. Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d), and was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

36. Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

37. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

38. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Orlando Campos Guzman, prays for a judgment against Defendants, Bistro Wasabi, L.L.C. d/b/a Bistro Wasabi and Maria Kim, as follows:

A.  Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.  Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D.    Such other and further relied as this Court deems appropriate and just.

Dated: December 8, 2016                        Respectfully submitted,
                                                Orlando Campos Guzman, Plaintiff

                                                /s/ Nicholas P. Cholis
                                                _____
                                                One of the Plaintiff's Attorneys

Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com
ncholis@nolanwagelaw.com